IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 14-cv-01829-RBJ

MIKEAL GLENN STINE,

    Applicant,

v.

DAVID BERKEBILE, Warden, ADX,

    Respondent.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

R. Brooke Jackson, District Judge

    The matter before the Court is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. On September 5, 2014, the Court entered an order that directed Respondent to show cause why the Application should not be granted. Respondent filed a Response, ECF No. 16, and Applicant, through counsel,[1] filed a Reply, ECF No. 17.

    After reviewing the pertinent portions of the record in this case, including the Application, Answer, and Reply, the Court concludes that the action should be dismissed.

## I.   BACKGROUND

    Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He currently is incarcerated at the United States Penitentiary, ADMAX, in Florence, Colorado.

---

[1] Counsel entered an appearance on July 22, 2014, after Applicant had initiated the action and submitted the 28 U.S.C. § 2241 Application. Counsel, on Applicant's behalf, filed a Reply, ECF No. 10, to the Preliminary Response and a Reply, ECF No. 17, to the Response to Show Cause.

Applicant is challenging the validity of a prison disciplinary conviction in Incident Report (IR) No. 2561571 that resulted in a loss of good time credits and other sanctions.

The offense that precipitated the disciplinary charge in question occurred on March 13, 2014. Resp., Attach. 3, ECF No. 16-3, at 1. Applicant initially was charged with the disciplinary charges of (1) Attempted Use of Mail for Abuses other than Criminal Activity (296)(A); and (2) Possession of Anything not Authorized (305). *Id.* at 5. The disciplinary hearing was held on June 3, 2014, and Applicant was found to have committed only the attempted use of mail for abuses other than criminal activity. *Id.* at 1.

Based on Respondents' failure to address Applicant's denial of administrative remedy appeal forms in the Preliminary Response, the Court excused Applicant's failure to exhaust his administrative remedies prior to filing this action, but denied the Application in part because the claim for money damages and a finding that the BOP is impeding his right to prepare a defense in his criminal case are improperly raised in a 28 U.S.C. § 2241 action. Sept. 5, 2014 Order, ECF No. 15, at 2-3. The Court now will address the merits of Applicant's claim that the evidence relied on by the Disciplinary Hearing Officer (DHO) lacked the "some evidence" required to find Applicant guilty of Offense 296 and that the disciplinary conviction should be expunged. The Court also will determine the merits of the two additional claims that counsel has included in the Reply: (1) denial of a requested witness; and (2) a delay in receipt of the DHO's written statement regarding the evidence relied on and the reasons for the disciplinary action.

## II.   DISCUSSION

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is

to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[I]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.*, at 565 (internal citation and quotation marks omitted). Review under the some evidence standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the

evidence." *Howard*, 487 F.3d at 812 (quoting *Hill*, 472 U.S. at 455). "A disciplinary board's decision can be upheld . . . even if the evidence supporting the decision is meager." *Id.* (internal quotations marks omitted).

Respondent asserts that Applicant received all the process he was due in his disciplinary proceeding because he received advance written notice of the DHO hearing twenty-four hours prior to the hearing, was provided the opportunity to call witnesses and present documentary evidence at the hearing, and received written notice of the findings and conclusions from the DHO. ECF No. 16 at 6. Respondents further assert that the evidence in the record before the DHO exceeded the some evidence standard. *Id.*

Applicant, in the November 3, 2014 Reply, argues that the IR reflects a "biased Bureau of Prison's employee's incorrect interpretation of what constitutes a violation of code 296." ECF No. 17 at 2. Applicant also argues that the documents Applicant possessed were sent to him by his attorney because they are relevant to his attorney's representation in Applicant's criminal case. *Id.* at 3. Applicant further contends that the DHO failed to investigate his claims that the documents were relevant to his criminal case and that federal District Judge Christine M. Arguello, if called as a witness, would confirm the relevance. *Id.* at 4. Finally, Applicant asserts he testified that the documents were relevant to affirmative defenses, including the "defense of lesser evils," the documents were public records, and both the inmate, who's identity is redacted, and his attorney refute Respondent's contention that there is some evidence. *Id.* at 4-5. Applicant contends the DHO found him guilty of Code No. 297 in the DHO report, *id.* at 5-6, which apparently Applicant references because the DHO, as is discussed below in this Order in Footnote No. 2, inadvertently referred to Code 297. But in any event, Applicant argues he did

4

not violate Code No. 296.  *Id.*   Finally, Applicant argues that his due process rights were violated because he was unable to call all of the witnesses he identified, he did not receive written findings and conclusions from the DHO until three months after the hearing, and there is no evidence that he violated either Code No. 296 or Code No. 297.  *Id.* at 6-8.

    In IR No. 2561571, DHO found as follows:

> The DHO reviewed the inmate's rights with the inmate during the hearing.  The inmate confirmed he understood his rights.  The inmate confirmed that he did want a staff representative and witness.  The DHO noted that your incident report was served outside the ordinary 24 hour timeframe due to being re-written and administrative error.  The DHO asked if the delay hampered you in preparing your defense before the DHO or if you needed additional time to prepare and you said, "no."  The inmate provided no documentary evidence to dispute the report.
>
> According to the incident report writer, you asked to make legal copies regarding a civil case.  In these copies you requested other inmate's case information, which you are not allowed to have other inmate's information.
>
> At the DHO hearing you denied committing the offense as outlined in section # 1 of the incident report.  You did admit to having [redacted name of other inmate] paperwork which you said your lawyer (Mr. Moya) gave you and told you to make copies of the documents and that [redacted name] asked you to assist him in his legal matters.
>
> You also claimed your due process rights were violated as you were not served within 24 hours.  You stated that you were served 26 hours and 22 minutes so your infraction must be dismissed.  The DHO explained a second time that your delay was due to a re-write and administrative errors and you were asked before the hearing began if those delays hampered you in preparing your defense or if you needed additional time to prepare and you said, "no."  You claimed that under *Wolff v. McDonnell* you had to be served within that required timeframe.  The DHO explained that the verbiage is not must be served but "ordinarily served" which means if the delays can be a justifiable one (as a re-write and administrative error are considered).
>
> You referred to the letter from your lawyer which states your case number *USA v. Stine* 13-CR-00492-CMA-but the information is regarding another inmate's case not yours and of an extremely security sensitive nature.  You also claimed at the DHO hearing you [sic] lawyer told you to make copies of these documents which

> contained serious security matters.   Your staff rep contact [sic] you [sic] Mr. Moya who said he did not recall telling you to make copies of the paperwork sent.
>
> Finally you site a case whereby inmates can assist each other-but your witness [redacted] states he never ask [sic] you to assist in his legal matters according to the interview with your staff representative.   As [redacted] stated this [sic] it was not necessary to contact Judge Arguello (as she is handling you [sic] civil issue and has nothing to do with the matter at hand), therefore the DHO did not find it necessary to contact the Judge as she would not have direct knowledge of this infraction.
>
> Based on you [sic] admission that you did have another's legal work unauthorized and the report writer's statement in section #11 of your incident report which you confirmed that you did have another's (highly security sensitive) paperwork and were requesting staff to make copies, along with the inconsistencies in your story such as you claiming your lawyer told you to make copies (yet staff rep confirmed that did not recall telling you to do so), stating [redacted] requested your legal assistance (you [sic] he states he never do so) these co [sic] against you in the greater weight of evidence.   Therefore, the DHO found that you committed the prohibited act of use of the mail for abuses other than criminal activity, Code 297.[2]

Resp., ECF No. 16-3, Attach. 3 at 3.   The Court will address the issues below.

1.  Some Evidence

As stated above, to comport with due process, there must be some evidence to support a disciplinary conviction.   *Hill*, 472 U.S. at 454.   Review under the some evidence standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."   *Howard*, 487 F.3d at 812 (quoting *Hill*, 424 U.S. at 455).   The relevant question is whether there is any evidence in the record that could support the

---

[2]   On page one of the DHO Report in IR No. 2561571, the Offense Charges against Applicant are noted as Code Nos. 296 and 305.   Code No. 296 is identified as "Attempted use of mail for abuses other than criminal activity."   The DHO's finding is that Applicant "committed the prohibited act of use of the mail for abuses other than criminal activity."   The Court has reviewed the BOP Program Statement 5270.09, Table I., Prohibited Act 296 (28 C.F.R. § 541.8(g).   The Prohibited Act 296 is described as "Use of the mail other than criminal activity which circumvent mail monitoring procedures."   Given the correct identity on the first page of the report and correct description of the infraction, the DHO inadvertently referred to Prohibited Act No. 297 in the last paragraph of his report.

conclusion reached by the disciplinary board." *Id*. at 455-56.   A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.' " *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

The first issue raised by Applicant is that Code 296 was misinterpreted by BOP employees.   Applicant also contends that the documents he requested BOP staff to copy are public record and were provided to him by his attorney because they are relevant to the criminal case in which his attorney is representing him.   Applicant further contends that he did not use the mail to commit a "High category act, write a letter in code, direct others to send, send, or receive a letter or mail through unauthorized means; send mail for other inmates without authorization, or send any correspondence at all."

Prison regulations, such a 28 C.F.R. § 541.8(g), are "primarily designed to guide correctional officials in the administration of a prison.   [They are] not designed to confer rights on inmates. . . ."   *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).   "[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.' " *Stinson v. United States*, 508 U.S. at 45 (1993) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945).

Applicant does not deny he had the documents, which are copies of the docket and filings in Case No. 14-cv-00401-MSK-MJW, a case concerning another inmate.   Also, the inmate, who is the plaintiff in Case No. 14-cv-00401-MSK-MJW, denied that he had requested Applicant to assist him in this case, which is contrary to Applicant's first argument to the DHO that he can not be prohibited from helping another inmate, *see* ECF No. 16-3 at 10 and 12, and his statement

during the DHO hearing that the inmate, who is the plaintiff in Case No. 14-cv-00401-MSK-MJW, had asked Applicant to assist him in this case, *Id.* at 3. Furthermore, the staff representative contacted Applicant's attorney, who stated that he did not recall telling Applicant to make copies of the filings in Case No. 14-cv-00401-MSK-MJW. ECF No. 16-3 at 3.

The Court, therefore, finds the DHO's determination that Applicant violated Code 296 because he received another inmate's civil case filings through the mail and requested additional copies of the filings is a reasonable finding in this case that some evidence existed to find Applicant used the mail for abuses other than criminal activity in violation of Code 296. Applicant's due process rights, therefore, were not violated.

2. Denial of Witnesses

"Prisoners have only a qualified right to call witnesses, and prison officials may evaluate a request for witnesses and refuse to provide them for various reasons." *See Freeman v. Carroll*, 506 F. App'x 694, 706 (10th Cir. 2012) (citing *Wolff*, 418 U.S. at 566). "The scope of a prisoner's right to call and confront witnesses is committed to the sound discretion of prison officials." *Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991). "The prisoner's request [for a witness] should also be denied if officials affirmatively determine the . . . testimony would be irrelevant, cumulative, or otherwise unnecessary for the committee to come to a fair resolution of the matter." *Id.* "Prison officials are not required to make a written record of the reasons for granting or denying a prisoner's request to call or confront a particular witness." *Id.* (citing *Wolff*, 418 U.S. at 566). "[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review." *Howard*, 487 F.3d at 813 (quotation

omitted).   Moreover, an inmate cannot maintain a due process claim for failure to permit witness testimony or documentary evidence unless he shows that the testimony " 'would have affected the outcome of his case.' " *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) (quoting *Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993)).

Applicant, through counsel in the November 3, 2014 Reply, contends that the DHO refused to call District Judge Christine M. Arguello, who Applicant identified as a witness, even though she had knowledge that the filings from Case No. 14-cv-00401-MSK were related to claims and defenses in Applicant's criminal case.   ECF No. 17 at 4.   Judge Arguello's possible knowledge of the relationship of the filings in the civil case to Applicant's criminal case is highly speculative and does not invalidate the evidence that Applicant possessed the filings in Case No. 14-cv-00401-MSK-MJW, the plaintiff in Case No. 14-cv-00401 had not asked Applicant to assist him in this case, Applicant requested copies of Case No. 14-cv-00401, and Applicant's attorney did not recall telling Applicant to have copies made of the filings that he had mailed to Applicant.   Nothing Applicant asserts shows Judge Arguello's testimony would have affected the outcome of Applicant's disciplinary action. The DHO's refusal to call Judge Arguello as a witness did not violate Applicant's due process rights.

3. Delay DHO Written Findings and Conclusions

Prisoners have a constitutional right to "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action."   *Wolff*, 418 U.S. at 564 (quotation omitted).   The purposes of the written finding are "to insure adequate review of the proceedings, to protect the inmate against collateral consequences, and to guarantee that officials, faced with outside scrutiny, will act fairly."   *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990).

Applicant, through counsel in the November 3, 2014 Reply, asserts that the DHO Report is dated more than a month after the hearing. ECF No. 17 at 7. Applicant contends that such a delay raises serious concerns about the accuracy of the report and the conclusions drawn. *Id.* Finally, Applicant contends that he did not receive the report until another two months after the record was created, which he argues, at that point, the delay had violated his due process rights. *Id.* at 7-8.

If a DHO's written statement is to assist in a review of the disciplinary conclusion, it seems reasonable and logical that a copy of the statement would be provided to an inmate prior to the review or appeal, but nothing in *Wolff* prescribes a time limit as to when factfinders must provide a statement to an inmate as to the evidence relied on and the reasons for the disciplinary action. Applicant does not state a hardship or how he was prejudiced by the one month delay in the DHO writing the report and the two months delay in receiving the report.

Because there is not a prescribed time limitation set forth in *Wolff* for providing the written statement, Applicant does not have a *per se* due process right to receive a statement of the evidence relied on or reasons for the disciplinary action within a certain time period. Applicant's contention that the delay in authoring the report raises "serious concerns about the accuracy of the report" is conclusory and vague and fails to demonstrate Applicant was prejudiced by the one month delay in the authoring of the report. ECF No. 17 at 7. Applicant provides no specific basis for finding prejudice.

Applicant also fails to assert how his due process rights were violated by September 3 when he had not received the report, other than possibly BOP staff had thwarted his attempts to exhaust his administrative remedies based on *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir.

2010).   This claim, nonetheless, would be moot because the Court excused the exhaustion requirement and elected to proceed to address the merits of Applicant's claims.

Applicant concedes he received a written statement of the evidence relied on and the reasons for the disciplinary action in compliance with the *Wolff* requirements.   In that *Wolff* fails to identify a time limit for providing the written statement to Applicant and Applicant fails to demonstrate he was prejudiced by the delay in his receipt of the written statement of the evidence relied on and the reasons for the disciplinary action, Applicant's due process rights were not violated.

### III.   CONCLUSION

Based on the above findings, Applicant's claims lack merit and the 28 U.S.C. § 2241 Application must be dismissed.

### IV.   ORDERS

Accordingly, it

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DISMISSED WITH PREJUDICE.   It is

FURTHER ORDERED that   leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 6, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge